PRUITT *v.* PINE BLUFF WATER & SEWER EXTENSION
DISTRICT No. 2.

4-8582                                    214 S. W. 2d 489

Opinion delivered November 8, 1948.

*Thomas W. Raines,* for appellant.

*A. F. Triplett,* for appellee.

WINE, J.   Water Distribution & Sewer District No. 2 of Jefferson County, Arkansas, was formed and came into being by an order of the Jefferson County Court, September 10, 1926, pursuant to the provisions of Act 126 of 1923 and amendments, the name of said district being changed to Pine Bluff Water & Sewer Extension District No. 2 by order of the court, August 22, 1927. The objectives were to construct and provide water distribution, fire protection and sanitary sewer facilities for the use of the inhabitants within the confines of the district, adjacent to the City of Pine Bluff.   Bonds in the principal sum of $55,000 were sold, maturing over a period of 21 years, a portion of which ($29,000) has since been refunded.

Appellants are owners of property subject to taxation located within said district.

November 29, 1947, appellants filed a suit in the Jefferson Chancery Court alleging twelve irregularities, among other things attacking the constitutionality of the acts under which the district was created, but upon a hearing of this cause held January 21, 1948, appellants

proved absolutely nothing except that the several witnesses who testified were owners of property embraced within the district and that all had paid their assessments up to date and that none had ever before resisted or protested such payments. This can best be illustrated by setting out the verbal decision of the court at the conclusion of the hearing and the colloquy which took place between the court and counsel as follows:

"The Court: I am going to give you the benefit of the doubt and consider that you brought this as a class suit, because you did finally mention it in your second amendment to the complaint. Even so, Rena Pruitt and these other parties who have testified own property in the district and have paid their assessments up to date. One of them, I believe, stated he did not live in the district, but owned property that was in the district. That's all you proved. Mr. Raines: That's all I wanted to prove by the plaintiffs. The Court: What does that prove? Mr. Raines: Well, it proves this refunding is an unlawful exaction. The Court: Why?—Who said it was?—Who testified to that? Mr. Raines: It's in the complaint. The Court: Lots of things in complaints are never proved.—I am going to dismiss your complaint for want of equity. Mr. Raines: I want to take an appeal. The Court: Yes, sir."

The complaint did not contain an exhibit of the character which will be treated as proof without supporting evidence.

Therefore the Chancellor was correct, and the decree will be affirmed.

Appellants' motion to retax costs will be denied in the absence of any showing that the appellees unduly burdened the record.